Argued September 9, affirmed October 16, 1975

MIX, *Respondent, v.* NEWLAND, *Appellant.*

541 P2d 136

R. L. *Marceau* of Panner, Johnson, Marceau & Karnopp, Bend, argued the cause and filed briefs for appellant.

*William M. Holmes* of Gray, Fancher, Holmes & Hurley, Bend, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN,* TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a declaratory judgment proceeding in which plaintiff seeks a decree declaring that he is the owner of a certain chrysanthemum sport known as "Copper Anne"; that the patent rights to Copper Anne be vested in plaintiff, and further declaring that defendant has no interest in the sport. Defendant appeals from a decree in favor of plaintiff.

In November 1965, plaintiff purchased from defendant a nursery business known as "Newland's Nursery" under a written agreement which provided that defendant would serve as plaintiff's employee for a period of five years and that for a period of five years thereafter defendant would not engage in the nursery, greenhouse or landscaping business in a certain described area in Central Oregon. The chrysanthemum sport in question, Copper Anne, was discovered during defendant's employment at plaintiff's nursery. The parties are in dispute as to whether the sport, when discovered, was among plants owned by plaintiff or among those owned by defendant and kept in plaintiff's nursery. There is a dispute also as to

---

* Holman, J., did not participate in this decision.

who discovered the sport and caused it to be tested and successfully reproduced for commercial purposes. It is undisputed that the testing and reproduction of the sport was done by Yoder Brothers, Inc. of Salinas, California.

■ Plaintiff contends that while in the presence of his employee, Jake Young, he observed among plants owned by him a growth which was different from the surrounding plants and that he directed defendant to package it and ship it to Yoder Bros., Inc. to determine if it was a true sport. Jake Young corroborates this testimony. Defendant contends that he discovered the sport when he observed among some of his own plants which he kept in plaintiff's greenhouse a growth different than the surrounding plants.

The trial court, in a well-reasoned opinion, accepted plaintiff's version of the place where and the manner in which the sport was discovered. We have reached the same conclusion upon the same reasoning as that set out in the trial judge's written opinion. It would serve no good purpose for us to now repeat what was there said in resolving this issue of credibility.

It being established that the sport in dispute was the product of plants owned by plaintiff and that it was discovered by him, there is no basis upon which defendant could assert a reasonable claim of ownership.

Before the institution of this suit defendant had made application to the U. S. Patent Office for a patent on the Copper Anne sport. Plaintiff instituted an interference proceeding before the Board of Patent Interference of the U. S. Patent Office. Defendant contends that the institution of the interference proceedings vested exclusive jurisdiction in the U. S. Patent Office to determine who has the rights to the sport.

If the rights to the sport rested solely upon who first discovered it, defendant's contention might have some merit. But plaintiff need not and does not rest his claim upon this ground. It is plaintiff's theory, and the theory of the trial court as we interpret it, that plaintiff's ownership of the initial plant found in his nursery determines the ownership of any product of that plant, including the commercial value attributable to its uniqueness as a separate specie of chrysanthemum. We agree with plaintiff's c o n t e n t i o n. Even assuming that defendant had first discovered the unique plant, his discovery would be of no value to him if he could not obtain the plant in order to test and determine its value as a true sport. Defendant's appropriation of the plant for this purpose would constitute a conversion in the absence of plaintiff's permission.[1]

■ We cannot conceive of any rational system of law which would condone the conversion of an owner's goods to advance the interests of those claiming a monopoly through first discovery. Since this is primarily a question of the extent to which protection should be extended to existing property ownership and only secondarily a question of the rights acquired by first discovery, we are of the opinion that the matter is within the jurisdiction of the state courts and is not pre-empted by federal law for adjudication by the Patent Office.

The decree of the trial court is affirmed.

---

[1] If plaintiff had given defendant permission to take the plant, the result might well be different. Cf., Ex parte Moore, 115 U S P Q 145 (Patent Office Board of Appeals 1957).